Butler, J.,
delivered the opinion of the Court.
The presiding Judge beld that if a mistake in fact bad been made by the Bank in paying the money, they were entitled to recover it back in an action for money had and received.
• This question is to be decided rather by authority than general reasoning on the subject. No part of a commercial community is more interested in commercial usages than banks, and they cannot 'complain when they are required to strictly conform to them. They cannot always guard against fraud and imposition, but they may against mistakes, depending on an inspection of their own books and accounts. Mistakes may be prevented, which cannot be remedied. They accepted and paid the check presented by the defendant, for and on account of Hopton the drawer, whose money they had kept for his convenience and accommodation. The pri-vity of contract was between them and their customer Hopton, and not between them and one who may have happened in the course of dealing to present a check drawn by Hopton. In the case of Levy vs. The U. S. Bank, 4 Dallas, 234, the plaintiff presented a bill of exchange; the bank gave the plaintiff credit on the. books, believing that the bill was genuine;. the bill turned out a forgery, and the bank can-celled the credit; the plaintiff, however, contending that he was entitled to recover the money, because the bank had duly accepted the papers, and had done that which was equivalent to payment. The principal difficulty in the case was, whether the credit in the books amounted to payment; and it was held by the Court that it did, and the plaintiff recovered. It seemed to have been conceded that if the bank had paid the money, there was no doubt of Levy’s, right to retain it. In the case of Price vs. Neale, 3 Burrows, 1354, the defendant accepted a forged bill; Lord Mansfield said it was an established principle that once a drawer of a bill had accepted it, he could not refuse to pay; or once having paid it, could not recover it back; unless there was fraud on the part of'the endorser who procured the acceptance. And, in Jeneys vs. Fawler, 2 Strange, 946, it was held that once a bill has been accepted, it is not necessary to prove the hand writing of the drawer, for the acceptor was liable to the, payee.
The question in the above cases arose on bills of exchange, *262 and it is attempted to distinguish them from bank checks. A bank check has all the characteristics of bills of exchange, and cannot be distinguished from them. Indeed they perform not only all the offices of bills, but are more generally used for the transfer and payment of moneys. They are mercantile agents which should not be crippled in their daily and hourly operations. Before one reaches the bank after it has been drawn, it may have paid and discharged many debts, and after it has been accepted and paid, all the intervening holders in general are discharged from all liabilities to the bank; it becomes then a transaction between the bank and the drawer, the bank not unfrequently paying money on checks of the drawer, when in fact he has no deposit.
In a note in 1 Camp. 425, checks and bills are both spoken of and put upon the same footing; and it seems to be clearly laid down and settled, that a check once credited in the books of a bank is an acceptance, and subjects the acceptor to payment ; and that when the check has been actually paid, that the Bank must look to the drawer for redress, and hot the payee; 6 East, 199; Lox vs. Masterman, 17 E. C. L. R. 517. This case is decided entirely as the case made by the presiding Judge. Eor if the plaintiff by fraudulent contrivance procured the check to be drawn, and obtained the payment of it under false pretences, or wilfully and designedly suppressed the truth where he should have told it, he might be held liable. Fraud contaminates all contracts, and would deprive a payee of a check or bill of all the protection which the law extends to those who act in good faith. This last point of view depends on' the facts of the case, which may fairly be considered by another jury, under proper instructions from the Court.
The motion for a new trial is granted